**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**
**CAMDEN DIVISION**

**DAVID A. WADE**
8303 Brown Stone Lane
Frisco, TX 75033,

*Plaintiffs*

                    v.

**THE KENAN ADVANTAGE GROUP, INC**
4366 Mt. Pleasant St. NW,
North Canton, Ohio 44720

And

**KENAN ADVANTAGE GROUP, INC.**
4366 Mt. Pleasant St. NW,
North Canton, Ohio 44720

And

**TRANSPORT SERVICE, LLC**
**d/b/a TRANSPORT SERVICE**
4366 Mt. Pleasant St. NW,
North Canton, Ohio 44720

And

**KAG LEASING INC.**
4366 Mt. Pleasant St. NW
North Canton, OH 44720

And

**KAG SPECIALTY PRODUCTS**
**GROUP, LLC**
4366 Mt. Pleasant St. NW
North Canton, OH 44720

And

**CASE NO**.: **1:20-cv-18155**

JURY TRIAL DEMANDED

**KENAN TRANSPORT, LLC**
4366 Mt. Pleasant St. NW
North Canton, OH 44720

And

**QUALAWASH HOLDINGS, LLC**
500 N. Westshore Boulevard, Suite 435
Tampa, FL 33609

And

**BRENNER TANK, INC.**
450 Arlington Avenue
Fond Du Lac, WI 54935

And

**BRENNER TANK SERVICES, LLC**
450 Arlington Avenue
Fond Du Lac, WI 54935

And

**BRENNER TANK, LLC**
450 Arlington Avenue
Fond Du Lac, WI 54935

And

**WABASH NATIONAL, L.P.**
1000 Sagemore Parkway S
Lafayette, IN 47905

And

**WABASH NATIONAL CORPORATION**
1000 Sagemore Parkway S
Lafayette, IN 47905

And

**WABASH NATIONAL TRAILER
CENTERS, INC.**
1000 Sagemore Parkway S
Lafayette, IN 47905

2

And

**JOHN DOES 1-10, JOHN DOES
11-20, JOHN DOES 21-30,
ABC CORPORATION 1-10, ABC
CORPORATION 11-20,
ABC CORPORATION 21-30**

*Defendants*

## CIVIL ACTION AMENDED COMPLAINT

1.      The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 (diversity of citizenship and damages in excess of $75,000.00).

2.      Counsel for Plaintiff hereby certifies that the damages recoverable in this civil action exceed the sum of $150,000, exclusive of interest and costs.

3.      Venue is proper under 28 U.S.C. §13191(b) because the cause of action upon which the Complaint is based arose in Salem County, New Jersey which is in the district of New Jersey.

4.      Plaintiff, David A. Wade is an adult individual and citizen of the State of Texas, residing at the above captioned address.

5.      This action is commenced within two (2) years of David A. Wade's major, catastrophic injury that took place on or about December 7, 2018.

6.      Defendant, The Kenan Advantage Group, Inc., is a corporation organized and existing under the laws of the State of Delaware with its principal place of business located at 4366 Mt. Pleasant St. NW, North Canton, Ohio 44720.

7.      Upon information and belief, the Kenan Advantage Group, Inc. is a citizen of the State of Delaware as that is its' state of incorporation.

3

8.      At all times relevant hereto, Defendant The Kenan Advantage Group, Inc. was engaged in business within the State of New Jersey on a regular, systematic, continuous and substantial basis and has purposefully established significant contacts within New Jersey.

9.      Defendant, Kenan Advantage Group, Inc. is a corporation organized and existing under the laws of the State of Delaware with its principal place of business located at 4366 Mt. Pleasant St. NW, North Canton, Ohio 44720.

10.     Upon information and belief, Kenan Advantage Group, Inc. is a citizen of the State of Delaware as that is its state of incorporation.

11.     At all times relevant hereto, Defendant Kenan Advantage Group, Inc. was engaged in business within the State of New Jersey on a regular, systematic, continuous and substantial basis and has purposefully established significant contacts within New Jersey.

12.     Defendant, Transport Service, LLC d/b/a Transport Service, is a limited liability company organized and existing under the laws of the State of Delaware with its principal place of business located at 4366 Mt. Pleasant St. NW, North Canton, Ohio 44720.

13.     Upon information and belief, Transport Service, LLC d/b/a Transport Service is a wholly-owned subsidiary of KAG Leasing, Inc. which is a citizen of the State of Delaware as that is its state of incorporation.

14.     At all times relevant hereto, Defendant Transport Service LLC d/b/a Transport Service was engaged in business within the State of New Jersey on a regular, systematic, continuous and substantial basis and has purposefully established significant contacts within New Jersey.

15.     Defendant, KAG Leasing, Inc. is a corporation organized and existing under the laws of the State of Delaware with its principal place of business located at 4366 Mt. Pleasant St. NW, North Canton, Ohio 44720.

16.     Upon information and belief, KAG Leasing, Inc. is a citizen of the State of Delaware as that is its state of incorporation.

17.     At all times relevant hereto, Defendant KAG Leasing, Inc. was engaged in business within the State of New Jersey on a regular, systematic, continuous and substantial basis and has purposefully established significant contacts within New Jersey.

18.     Defendant KAG Specialty Products Group, LLC is a limited liability company organized and existing under the laws of the State of Delaware with its principal place of business located at 4366 Mt. Pleasant St. NW, North Canton, Ohio 44720.

19.     Upon information and belief, KAG Specialty Products Group, LLC is a wholly-owned subsidiary of KAG Leasing, Inc. which is a citizen of the State of Delaware as that is its state of incorporation.

20.     At all times relevant hereto, Defendant KAG Specialty Products Group, LLC was engaged in business within the State of New Jersey on a regular, systematic, continuous and substantial basis and has purposefully established significant contacts within New Jersey.

21.     Defendant Kenan Transport, LLC is a limited liability company organized and existing under the laws of the State of Delaware with its principal place of business located at 4366 Mt. Pleasant St. NW, North Canton, Ohio 44720.

22.     Upon information and belief, Kenan Transport, LLC, is a wholly-owned subsidiary of KAG Leasing, Inc. which is a citizen of the State of Delaware as that is its state of incorporation.

23.     At all times relevant hereto, Defendant Kenan Transport, LLC was engaged in business within the State of New Jersey on a regular, systematic, continuous and substantial basis and has purposefully established significant contacts within New Jersey.

24.     At all times relevant herein, Defendants Transport Service, LLC d/b/a Transport Service, Kenan Advantage Group, Inc., The Kenan Advantage Group, Inc., KAG Leasing, Inc. KAG Specialty Products Group, LLC, and/or Kenan Transport, LLC (hereinafter referred to collectively as "KAG") through its agents, employees, agencies, subsidiaries and/or other individuals and/or entities.

25.     At all times relevant hereto, KAG Defendants, John Does 1-10, and/or ABC Corporation 1-10 owned, operated, leased, possessed, controlled, supervised and/or used  the subject tank trailer and those KAG trailers being assigned, distributed, and/or utilized through the KAG operations facility at and/or near 8 US 130, Pedricktown, NJ 08067.

26.     At all times relevant hereto, KAG Defendants, John Does 1-10 and/or ABC Corporation 1-10 owned operated, possessed, controlled, supervised and/or used the KAG operations facility at and/or near 8 US 130, Pedricktown, NJ 08067.

27.     Plaintiff alleges that an insufficient amount of time has passed within which to determine the identity of any other persons or business entities that may be involved and/or responsible, separate and in conjunction with KAG, for the causation of this accident.  Said persons and business entities have been named John Doe 1-10, and ABC Corporation 1-10. Plaintiffs reserve the right to amend the Complaint when and if their identities become known.

28.     Defendants John Doe 1-10 are fictitious names of individuals who are agents, employees, representatives, servants, workers, and/or contractors acting in the scope of their employment and the scope of their authority, and while upon the business of Defendants KAG

and/or any entities and/or subsidiaries, who owned, operated, leased, possessed, controlled, supervised and/or used  the subject tank trailer and those KAG trailers being assigned, distributed, and/or utilized through the KAG operations facility at and/or near 8 US 130, Pedricktown, NJ 08067 and/or owned operated, possessed, controlled, supervised and/or used the KAG operations facility at and/or near 8 US 130, Pedricktown, NJ 08067.

29.     Defendant ABC Corporation 1-10 are fictitious entities and/or political subdivisions, who owned, operated, leased, possessed, controlled, supervised and/or used  the subject tank trailer and those KAG trailers being assigned, distributed, and/or utilized through the KAG operations facility at and/or near 8 US 130, Pedricktown, NJ 08067 and/or owned operated, possessed, controlled, supervised and/or used the KAG operations facility at and/or near 8 US 130, Pedricktown, NJ 08067.

30.     Defendant Qualawash Holdings, LLC ("Qualawash") is a limited liability corporation organized and existing under the laws of the State of Florida with its principal place of business located at 500 N. Westshore Boulevard, Suite 435, Tampa, Florida 33609.

31.     Upon information and belief, Qualawash Holdings, LLC is a wholly- owned subsidiary of QW Holdings, LLC which is a citizen of the State of Florida based on the citizenship of its members..

32.     At all times relevant hereto, Defendant Qualawash was engaged in business within the State of New Jersey on a regular, systematic, continuous and substantial basis and has purposefully established significant contacts within New Jersey.

33.     At all times relevant herein, Defendant Qualawash through its agents, employees, agencies, subsidiaries and/or other individuals and/or entities owned, operated, controlled, leased, serviced, maintained, and/or supervised the subject and surrounding parking lot of the

Qualawash located at or near 8 US Route 130, Pedricktown, NJ 08067 (hereinafter referred to "the Qualawash facility").

34.     Plaintiffs allege that an insufficient amount of time has passed within which to determine the identity of any other persons or business entities that may be involved and/or responsible, separate and in conjunction with Qualawash for the causation of this accident.  Said persons and business entities have been named John Doe 11-20, and ABC Corporation 11-20. Plaintiffs reserve the right to amend the Complaint when and if their identities become known.

35.     Defendants John Doe 11-20 are fictitious names of individuals who are agents, employees, representatives, servants, workers, and/or contractors acting in the scope of their employment and the scope of their authority, and while upon the business of Defendants Qualawash and/or any entities and/or subsidiaries, who owned, operated, controlled, leased, serviced, maintained, and/or supervised the subject and surrounding parking lot of the Qualawash located at or near 8 US Route 130, Pedricktown, NJ 08067 (hereinafter referred to "the Qualawash facility").

36.     Defendant ABC Corporation 11-20 are fictitious entities  who owned, operated, controlled, leased, serviced, maintained, and/or supervised the subject and surrounding parking lot of the Qualawash located at or near 8 US Route 130, Pedricktown, NJ 08067 (hereinafter referred to "the Qualawash facility").

37.     Defendant Brenner Tank, Inc. is a corporation organized and existing under the laws of the State of Wisconsin with its principal place of business located at 450 Arlington Avenue, Fond Du Lac, Wisconsin 54935.

38.     Upon information and belief, Brenner Tank, Inc. is a wholly-owned subsidiary of Brenner Tank Services, LLC.  Brenner Tank Services, LLC is a wholly-owned subsidiary of

Walker Group Holdings, LLC.  Walker Group Holdings, LLC is a wholly-owned subsidiary of Wabash National, L.P..  Wabash Nation, L.P. is a Delaware partnership that is owned by two partners: Wabash National Trailer Centers, Inc. and Wabash National Corporation.  Wabash National Trailer Centers, Inc. is a wholly-owned subsidiary of Wabash National Corporation. Wabash National Corporation is a citizen of the State of Delaware as that is its state of incorporation.

39.     At all times relevant hereto, Defendant Brenner Tank, Inc. was engaged in business within the State of New Jersey on a regular, systematic, continuous and substantial bases and has purposefully established significant contacts within New Jersey.

40.     Defendant Brenner Tank Services, LLC is a limited liability corporation organized and existing under the laws of the State of Wisconsin with its principal place of business located at 450 Arlington Avenue, Fond Du Lac, Wisconsin 54935.

41.     Upon information and belief, Brenner Tank Services, LLC is a wholly-owned subsidiary of Walker Group Holdings, LLC.  Walker Group Holdings, LLC is a wholly-owned subsidiary of Wabash National, L.P..  Wabash Nation, L.P. is a Delaware partnership that is owned by two partners: Wabash National Trailer Centers, Inc. and Wabash National Corporation.  Wabash National Trailer Centers, Inc. is a wholly-owned subsidiary of Wabash National Corporation.  Wabash National Corporation is a citizen of the State of Delaware as that is its state of incorporation.

42.     At all times relevant hereto, Defendant Brenner Tank Services, LLC was engaged in business within the State of New Jersey on a regular, systematic, continuous and substantial basis and has purposefully established significant contacts within New Jersey.

43.     Defendant Brenner Tank, LLC is a limited liability corporation organized and existing under the laws of the State of Wisconsin with its principal place of business located at 450 Arlington Avenue, Fond Du Lac, Wisconsin 54935.

44.     Upon information and belief, Brenner Tank, LLC is a wholly-owned subsidiary of Walker Group Holdings, LLC.  Walker Group Holdings, LLC is a wholly-owned subsidiary of Wabash National, L.P..  Wabash Nation, L.P. is a Delaware partnership that is owned by two partners: Wabash National Trailer Centers, Inc. and Wabash National Corporation. Wabash National Trailer Centers, Inc. is a wholly-owned subsidiary of Wabash National Corporation. Wabash National Corporation is a citizen of the State of Delaware as that is its state of incorporation.

45.     At all times relevant hereto, Defendant Brenner Tank, LLC was engaged in business within the State of New Jersey on a regular, systematic, continuous and substantial basis and has purposefully established significant contacts within New Jersey.

46.     Defendant Wabash National, LP is a limited partnership organized and existing under the laws of the State of Delaware with its principal place of business at 1000 Sagemore Parkway S, Lafayette, Indiana 47905.

47.     Upon information and belief, Wabash Nation, L.P. is a Delaware partnership that is owned by two partners: Wabash National Trailer Centers, Inc. and Wabash National Corporation.  Wabash National Trailer Center, Inc. is a wholly-owned subsidiary of Wabash National Corporation.  Wabash National Corporation is a citizen of the State of Delaware as that is its state of incorporation.

48.     At all times relevant hereto, Defendant Wabash National, LP was engaged in business within the State of New Jersey on a regular, systematic, continuous and substantial basis and has purposefully established significant contacts within New Jersey.

49.     Defendant Wabash National Trailer Centers, Inc.  is a corporation organized and existing under the laws of the State of Delaware with its principal place of business at 1000 Sagemore Parkway S, Lafayette, Indiana 47905.

50.     Upon information and belief, Wabash National Trailer Center, Inc., a corporation incorporated in the State of Delaware, is a wholly-owned subsidiary of Wabash National Corporation.  Wabash National Corporation is a citizen of the State of Delaware as that is its state of incorporation.

51.     Defendant Wabash National Corporation is a corporation organized and existing under the laws of the State of Delaware with its principal place of business at 1000 Sagemore Parkway S, Lafayette, Indiana 47905.

52.     Upon information and belief, Wabash National Corporation is a citizen of the State of Delaware as that is its state of incorporation.

53.     At all times relevant hereto, Defendant Wabash National Trailer Centers, Inc. was engaged in business within the State of New Jersey on a regular, systematic, continuous and substantial basis and has purposefully established significant contacts within New Jersey.

54.     At all times relevant herein, Defendants Brenner Tank, Inc., Brenner Tank Services, LLC, Brenner Tank, LLC, Wabash National, LP, Wabash National Corporation, Wabash National Trailer Centers, Inc. (hereinafter referred to collectively as "the Wabash Defendants") through its agents, employees, agencies, subsidiaries and/or other individuals and/or entities who designed, assembled, manufactured, sold, supplied, leased and distributed all

or some of the component parts of to which upon information and belief is a 1992 Brenner MC307 chemical trailer with a KAG assigned number 4436 and/or 1R388 and a VIN# 10BFV7217NF0A3276.

55.     Plaintiffs allege that an insufficient amount of time has passed within which to determine the identity of any other persons or business entities that may be involved and/or responsible, separate and in conjunction with the Wabash Defendants, for the causation of this accident.  Said persons and business entities have been named John Doe 21-30, and ABC Corporation 21-30. Plaintiffs reserve the right to amend the Complaint when and if their identities become known.

56.     Defendants John Doe 21-30 are fictitious names of individuals who are agents, employees, representatives, servants, workers, and/or contractors acting in the scope of their employment and the scope of their authority, and while upon the business of the Wabash Defendants, KAG Defendants and/or any entities and/or subsidiaries, who designed, assembled, manufactured, sold, supplied, leased and distributed all or some of the component parts of to which upon information and belief is a 1992 Brenner MC307 chemical trailer with a KAG assigned number 4436 and/or 1R388 and a VIN# 10BFV7217NF0A3276.

57.     Defendant ABC Corporation 21-30 are fictitious entities and/or political subdivisions, who designed, assembled, manufactured, sold, supplied, leased and distributed all or some of the component parts of to which upon information and belief is a 1992 Brenner MC307 chemical trailer with a KAG assigned number 4436 and/or 1R388 and a VIN# 10BFV7217NF0A3276.

58.     The injuries and damages alleged in this lawsuit arise out of, and are related to, defendants' contacts and activities in New Jersey.

59.     At all relevant times, Defendants were acting by and through their employees, servants, agents, workmen, and staff, all of whom were acting within the course and scope of their employment, for and on behalf of the Defendants.

60.     At all relevant times, all or some of the above named defendants have or have had successor corporation liability as to the liabilities of one or more of the other above named defendants.

61.     At all relevant times, Plaintiff David A. Wade was acting as an independent contractor for Kenan Advantage Group, Inc., The Kenan Advantage, Inc., Transport Service, LLC d/b/a Transport Service, KAG Leasing Inc., KAG Specialty Products Group, LLC, Kenan Transport, LLC, John Doe 1-10 or ABC Corporation 1-10 working as a commercial truck driver transporting food grade chemicals.

62.     At all times relevant hereto, KAG Defendants, John Doe 1-10 and/or ABC Corporation 1-10 were owner, occupier, lessor, lessee, insurer, controller, user and/or were responsible for the subject trailer, including but not limited to maintenance and repairs, to which Plaintiff fell.

63.     Upon information and belief, the subject trailer from which Plaintiff fell was a 1992 Brenner MC307 chemical trailer with a KAG assigned number 4436 and/or 1R388 and a VIN# 10BFV7217NF0A3276 ("the trailer").

64.     At all times relevant hereto, Defendants Kenan Advantage Group, Inc., The Kenan Advantage, Inc., Transport Service, LLC d/b/a Transport Service, KAG Leasing Inc., KAG Specialty Products Group, LLC, Kenan Transport, LLC, John Doe 1-10 and/or ABC Corporation 1-10 were responsible for and had a duty to protect their independent contractors.

65.     At all times relevant hereto, KAG Defendants, John Doe 1-10 and/or ABC Corporation 1-10 were responsible for and had a duty to protect those individuals who would be using and/or coming into contact with the subject trailer.

66.     At all times relevant hereto, KAG Defendants, John Doe 1-10 and/or ABC Corporation 1-10 had an operations location at or near 8 US Route 130, Pedricktown, NJ 08067 and/or Southern New Jersey.

67.     At all times relevant hereto, commercial trucking decisions, including operational, safety and logistic decisions, were made in full or in part at the operations location at or near 8 US Route 130, Pedricktown, NJ 08067 and/or Southern New Jersey.

68.     At all times relevant hereto, Defendants had a responsibility and duty to protect and/or keep safe Plaintiff, David A. Wade.

69.     At all times relevant hereto, Defendant Qualawash, John Doe 11-20 and/or ABC Corporation 11-20 had a responsibility and duty to protect and keep safe those individuals, including Plaintiff David A. Wade, on the premises of the Qualawash facility and its parking lot.

70.     At all times relevant hereto, Defendant Qualawash, John Doe 11-20 and/or ABC Corporation 11-20 had a responsibility and duty to protect and keep safe those individuals who may be harmed by a condition created and/or contributed to by Defendant Qualawash, John Doe 11-20 and/or ABC Corporation 11-20, their employees, agents, independent contractors and/or operators including the lighting at and/or near the Qualawash facility parking area.

71.     At all times relevant hereto, Defendant Qualawash, John Doe 11-20 and/or ABC Corporation 11-20 had a responsibility and duty to protect and keep safe those individuals who may be harmed by a condition created and/or contributed to by Defendant Qualawash, John Doe 11-20 and/or ABC Corporation 11-20, their employees, agents, independent contractors and/or

operators including leaving a top cap of the tanker opened which required closure before operating the tanker.

72.     At all times relevant hereto, The Wabash Defendants, KAG Defendants, John Doe 21-30 and/or ABC Corporation 21-30 were the designer, assembler, manufacturer, seller, supplier, lessor and distributer of all or some of the component parts of to which upon information and belief is a 1992 Brenner MC307 chemical trailer with a KAG assigned number 4436 and/or 1R388 and a VIN# 10BFV7217NF0A3276.

73.     On or about December 7, 2018, Plaintiff, David A. Wade was working as a commercial truck diver transporting food grade chemicals in trailers owned, operated, maintained, repaired and/or the responsibility of the KAG Defendants.

74.     On or about December 7, 2018, Plaintiff David A. Wade reported to the Qualawash facility to drop off the Defendant KAG trailer he was hauling and receive a newly cleaned Defendant KAG trailer for his next load.

75.     The trailer Plaintiff David A. Wade was scheduled to receive to conduct his delivery was the 1992 Brenner MC307 chemical trailer with a KAG assigned number 4436 and/or 1R388 and a VIN# 10BFV7217NF0A3276.

76.     At all times relevant hereto, the subject tank trailer included a walkway with a ladder access point affixed to the top of the tank providing access to the top hatch.

77.     At all times relevant hereto the subject tank trailer including the walkway affixed to the top of the tank did not contain guardrails or fall protect.

78.     At all times relevant hereto, the subject trailer was cleaned and washed by Defendant Qualawash at the Qualawash facility.

79.     At all times relevant hereto, the hatch located on top of the tank trailer was left open by Defendant Qualawash and/or the KAG Defendants requiring Plaintiff to climb on top of the unguarded tank trailer to close the hatch.

80.     As a result of Defendant Qualawash and/or the KAG Defendants leaving the hatch open, Plaintiff was required to climb onto the top of the unguarded tank trailer in the parking lot in or near the Qualawash facility and/or the KAG operations location located at or near 8 US Route 130, Pedricktown, NJ 08067.

81.     At all times relevant hereto, the parking lot lacked adequate lighting and/or contained broken and/or non-working lighting.

82.     At approximately 2:30am on December 7, 2018, Plaintiff received the subject tank trailer from the Qualawash with the top hatch left open requiring Plaintiff to climb on top of subject tank to close the hatch in order to use the tank trailer.

83.     At all times relevant hereto, Plaintiff was provided with no fall protection nor alternative means to safely close the hatch other than climbing onto of the unguarded tank trailer.

70.     As a result of being required to climb up and close the hatch located on top of the unguarded subject tank trailer, without being provided fall protection or any alternative means of accessing the hatch, Plaintiff David A. Wade fell from approximately 10-15 feet to the concrete surface below, causing him to suffer severe and catastrophic injuries set forth fully herein.

84.     As a result of the fall, Plaintiff was knocked unconscious.

85.     As a result of the fall, Plaintiff was rushed to the Crozer Chester Medical Center with severe and catastrophic injuries set forth fully herein.

86. Prior to December 7, 2018, defendants knew or should have known of the unsafe condition of the tank trailer, the necessity of personal fall protection devices, a lack of a safe alternative to closing the top hatch and/or inadequate lighting.

87. Prior to December 7, 2018, defendants knew or should have known that a defective condition of the tank trailer, the necessity of personal fall protection devices, a lack of a safe alternative means for closing the top hatch and/or inadequate lighting could lead to fatalities and/or serious injuries to those required to climb on top of the unguarded tank trailer

88. Although defendants knew or should have known that falls from the top of the tank due to a defective condition of the tank trailer, the necessity of personal fall protection devices, a lack of a safe alternative to closing the top hatch and/or inadequate lighting could lead to fatalities or serious injuries, defendants failed to design, secure and/or maintain an adequate safety plan for plaintiff and other persons engaged in the performance of said work.

89. At all times relevant hereto, defendants were acting by and through its agents, servants, employees, subcontractors, and/or workmen and are hereby responsible for the actions and inactions of same.

**COUNT I- NEGLIGENCE**
**DAVID A. WADE v. THE KENAN ADVANTAGE GROUP, INC., KENAN ADVANTAGE GROUP, INC., TRANSPORT SERVICES, LLC d/b/a TRANSPORT SERVICE, KAG LEASING, INC., KAG SPECIALTY PRODUCTS GROUP, LLC, <u>KENAN TRANSPORT, LLC, JOHN DOES 1-10 AND ABC CORPORATION 1-10</u>**

90. Plaintiff incorporates all preceding paragraphs as though fully set forth at length herein.

91. At all times relevant hereto, KAG Defendants, John Does 1-10, and/or ABC Corporation 1-10 owned, operated, maintained, leased, possessed, controlled, supervised and/or used the subject tank trailer and those KAG trailers being assigned, provided to, distributed,

and/or utilized through the KAG operations facility at and/or near 8 US 130, Pedricktown, NJ 08067 and/or owned, operated, possessed, maintained, controlled, supervised and/or used the KAG operations facility at and/or near 8 US 130, Pedricktown, NJ 08067.

92.    At all times relevant hereto, the KAG Defendants, John Does 1-10, and/or ABC Corporation 1-10 retained control over the manner and use of the subject trailer that Mr. Wade was engaging in at the time of his accident.

93.    At all times relevant hereto, the KAG Defendants, John Does 1-10, and/or ABC Corporation 1-10 owed a duty to those persons lawfully using and/or upon the property, including Mr. Wade, to provide a reasonable safe environment, which was free from unreasonable hazards.

94.    At all times relevant hereto, the KAG Defendants, John Does 1-10, and/or ABC Corporation 1-10 were operating under an obligation to take every reasonable precaution to prevent people from being injured while using, on and/or by the property.

95.    The KAG Defendants, John Does 1-10, and/or ABC Corporation 1-10, having possession and/or control of the work on and at the property, owed a duty to those persons engaged in the performance of the work, including Mr. Wade, a business invitee, to provide a reasonably safe environment, free from unreasonable and/or dangerous conditions and hazards, within which Mr. Wade could safely operate his truck with the attached subject trailer.

96.    Defendants knew or should have known that working at height without necessary and adequate fall protection is one of the leading causes of fatalities and injuries at a construction site.

97.    Defendants failed to enact and/or implement specific measures to prevent falls from the top of tanker trailers including the subject trailer.

98.     Prior to December 7, 2018 accident, Defendants knew or should have known of the existence of the dangerous conditions that caused the accident in which Mr. Wade sustained his injuries.

99.     Defendants had the responsibility to adopt, promulgate and/or enforce proper, adequate, necessary, and/or appropriate standards, guidelines and/or procedures for the establishment and/or maintenance of workplace and work site safety including the tank trailer.

100.     Defendants knew or should have known that fall protection or guard railings were required for the tank trailers.

101.     The injuries, damages and losses suffered by David A Wade were caused by the negligence and carelessness of Defendants, acting by and through their agents, servants, workers and/or employees, both generally and in the following particular respects:

    a.   failing to adequately inspect the property for dangerous and/or hazardous conditions;

    b.   failing to plan, plot, design and/or supervise the use of the tank trailer properly;

    c.   failing to provide Mr. Wade a safe place in which to work;

    d.   failing to provide adequate and proper fall protection to Mr. Wade;

    e.   using unsafe and inadequate fall protection for the tank trailer;

    f.   failing to provide and/or require the use of fall protection for workers, including Mr. Wade, on the to of the subject trailer;

    g.   failing to sufficiently inspect the tank trailer and allowing, *inter alia*, workers to work at heights unprotected and/or inadequately protected from falls;

    h.   violating the applicable OSHA regulations, including, but not limited to, those related to fall protection and safety when working from heights;

    i.   failing to provide special precautions which would have protected Mr. Wade from the particular and unreasonable risk and/or risks of physical harm which Defendant recognized or should have recognized likely to be created by work being done on top of the tank trailer;

j.   failing to provide adequate  materials and equipment for the safe use of the tank trailer, including for walking on the top of the tank trailer;

k.   failing to train and supervise workers, including Mr. Wade;

l.   failing to hire competent employees and safety inspectors;

m.   breaching the applicable duties under the Restatement of the Law of Torts (Second);

n.   failing to warn Mr. Wade, a business invitee, of the peculiar, dangerous and/or unsafe conditions existing on the tank trailer;

o.   failing to adopt, enact, employ and/or enforce proper and adequate safety programs, precautions, procedures, measures and/or plans;

p.   performing and/or furnishing trucking services in an inadequate, unsafe and/or negligent manner;

q.   promulgating and/or adopting insufficient plans for the safe operation of the tank trailer, including safe closure of the top hatch;

r.   exposing Mr. Wade, a business invitee, to unreasonable danger, by using inadequate tools, materials and/or equipment;

s.   failing to cease and/or postpone use of the subject tank trailer until proper and/or necessary precautions could be taken to safeguard workers, including Mr. Wade;

t.   failing to adopt and/or enforce an adequate safety plan;

u.   failing to properly train individuals on safely climbing and/or walking on the top of a tank trailer;

v.   failing to require and/or enforce a requirement that workers sign off on site-specific safety rules;

w.   failing to provide adequate safety supervision, training, and/or equipment to commercial drivers, including Mr. Wade;

x.   failing to ensure proper guarding was placed on the top of the subject tank trailer;

y.   failing to purchase guardrails for the tank trailer;

z.   failing to install guardrails for the tank trailer;

aa.  failing to provide a safe process for closing the top hatch;

bb. failing to ensure fall protection is used by drivers and/or individuals who gain access to the top of the tankers;

cc. failing to utilize a wash station with the appropriate equipment to allow individuals to safely close the top hatch;

dd. utilizing tank trailers that did not have proper guardrailing;

ee. failing to utilize tank trailers that had proper guardrailing;

ff.  failing to purchase a wash package that included the closing of the top hatch; and

gg. failing to provide safety lines and/or personal fall protection equipment to workers, including Mr. Wade, who were exposed to falls.

102.    As a result of the KAG Defendants, John Does 1-10 and/or ABC Corporation 1-10's conduct, Mr. Wade suffered severe and traumatic personal injuries, including but not limited to: left perilunate trans-scapoid fracture dislocation which required a fixation with open reduction internal fixation of the scaphoid as well as the perilunate dislocation; shoulder fracture; left ulnar shaft fracture which required surgical intervention with open reduction internal fixation; left radial head fracture; fracture of the left humerous; dislocation of the left wrist; loss of teeth requiring multiple implants and surgery; injury to the upper left extremity; injury to the head; orthopedic injuries to an extent not yet determined; neurologic injuries to an extent not yet determined; injuries to the nerves and nervous system to an extent not yet determined; and other injuries the full extent of which are not yet known and some or all of which may be permanent in nature; he has endured extensive medical care and treatment including surgeries, physical therapy, x-rays and MRIs; he has in the past required and will in the future continue to require surgeries, medicines, medical care, treatment, rehabilitation and aid; he has in the past and may in the future continue to incur expenses for medical care and treatment; he has incurred medical bills and may in the future incur medical expenses for care and treatment; he has been in the past and may in the future continue to be disabled from his usual duties and vocations; he has been

limited in the activities of daily living and activities of enjoyment; he has in the past and may in the future sustain a loss of earnings and loss of earning capacity; he has in the past suffered and will in the future continue to suffer agonizing aches, pain and mental anguish; he has in the past and will in future continue to endure loss of hedonic pleasures; he has suffered scarring and disfigurement; he sustained loss of enjoyment of life and loss of life's pleasure; has in the past, and continues to suffer pain, scarring, disfigurement, loss of independence, mental anguish, humiliation, embarrassment, fear, loss of well-being, inability to enjoy the normal pleasures of life, and restrictions on his ability to engage in normal activities and pleasures of life, and other intangible losses; he has in the past and may in the future continue to be totally disabled from performing his usual duties and occupations all to his great loss and detriment.

WHEREFORE, Plaintiff demands judgment against Defendants, Transport Service, LLC d/b/a Transport Service, Kenan Advantage Group, Inc., The Kenan Advantage Group, Inc., KAG Leasing, Inc. KAG Specialty Products Group, LLC, Kenan Transport, LLC, John Does 1-10 and/or ABC Corporation 1-10 jointly and severally, separate sums of monetary damages including but not limited to compensatory damages, and/or punitive or exemplary damages, and brings this action to recover the same.

### COUNT II- NEGLIGENCE
### DAVID A. WADE v. QUALAWASH HOLDINGS, LLC,
### JOHN DOES 11-20 AND ABC CORPORATION 11-20

103.    Plaintiff incorporates all preceding paragraphs as though fully set forth at length herein.

104.    At all times relevant hereto, Qualawash, John Does 11-20, and/or ABC Corporation 11-20 possessed, controlled, maintained and/or supervised the use and cleaning of the subject tank trailer and Qualawash facility at and/or near 8 US 130, Pedricktown, NJ 08067.

22

105.    At all times relevant hereto, Qualawash, John Does 11-20, and/or ABC Corporation 11-20 retained control over the manner and use of the subject trailer that Mr. Wade was engaging in at the time of his accident.

106.    At all times relevant hereto, Qualawash, John Does 11-20, and/or ABC Corporation 11-20 owed a duty to those persons lawfully using and/or upon the property, including Mr. Wade, to provide a reasonably safe environment, free from unreasonable and/or dangerous conditions and hazards.

107.    At all times relevant hereto, Qualawash, John Does 11-20, and/or ABC Corporation 11-20 were operating under an obligation to take every reasonable precaution to prevent people from being injured while using, on and/or by the property.

108.    Qualawash, John Does 11-20, and/or ABC Corporation 11-20, having possession and/or control of the work at the property, owed a duty to those persons engaged in the performance of the work, including Mr. Wade, a business invitee, to provide a reasonably safe environment, which was free from unreasonable and/or dangerous hazards, within which Mr. Wade could safely operate his truck with the attached subject trailer.

109.    Defendants knew or should have known that working at height without necessary and adequate fall protection is one of the leading causes of fatalities and injuries at a construction site.

110.    Defendants failed to enact and/or implement specific measures to prevent falls from the top of tanker trailers including the subject trailer.

111.    Prior to the December 7, 2018 accident, Defendants knew or should have known of the existence of the dangerous conditions that caused the accident in which Mr. Wade sustained his injuries.

112.   Defendants had the responsibility to adopt, promulgate and/or enforce proper, adequate, necessary, and/or appropriate standards, guidelines and/or procedures for the establishment and/or maintenance of safety including the tank trailer.

113.   Defendants knew or should have known that fall protection or guard railings were required for the tank trailers.

114.   Defendants knew or should have known that leaving the top hatch open requiring an individual to climb on top of the tank trailer created a dangerous and/or hazardous condition.

115.   Defendant knew or should have known that inadequate and/or non-existent lighting created a dangerous and/or hazardous condition.

116.   Defendant had a duty to provide a premises without dangerous and hazardous conditions, including requiring individuals to climb on top of tan trailers without property protections and/or failing to provide adequate lighting.

117.   The injuries, damages and losses suffered by David A. Wade were caused by the negligence and carelessness of Defendants, acting by and through their agents, servants, workers and/or employees, both generally and in the following particular respects:

    a.   failing to adequately inspect the property for dangerous and/or hazardous conditions;

    b.   failing to plan, plot, design and/or supervise the use of the tank trailer properly;

    c.   failing to provide Mr. Wade a safe place in which to work;

    d.   failing to provide adequate and proper fall protection to Mr. Wade;

    e.   using unsafe and inadequate fall protection for the tank trailer;

    f.   failing to provide and/or require the use of fall protection for workers, including Mr. Wade, on the to of the subject trailer;

    g.   failing to sufficiently inspect the tank trailer and allowing, *inter alia*, individuals, including Mr. Wade, to work at heights unprotected and/or inadequately protected from falls;

h.   violating the applicable OSHA regulations, including, but not limited to, those related to fall protection and safety when working from heights;

i.   failing to provide special precautions which would have protected Mr. Wade from the particular and unreasonable risk and/or risks of physical harm which Defendant recognized or should have recognized likely to be created by work being done on top of the tank trailer;

j.   failing to provide adequate  materials and equipment for the safe use of the tank trailer, including for walking on the top of the tank trailer;

k.   failing to train and supervise workers, including Mr. Wade;

l.   failing to hire competent employees and safety inspectors;

m.   breaching the applicable duties under the Restatement of the Law of Torts (Second);

n.   failing to warn Mr. Wade, a business invitee, of the peculiar, dangerous and/or unsafe conditions existing on the tank trailer;

o.   failing to adopt, enact, employ and/or enforce proper and adequate safety programs, precautions, procedures, measures and/or plans;

p.   performing and/or furnishing trucking services in an inadequate, unsafe and/or negligent manner;

q.   promulgating and/or adopting insufficient plans for the safe operation of the tank trailer, including safe closure of the top hatch;

r.   exposing Mr. Wade, a business invitee, to unreasonable danger, by using inadequate tools, materials and/or equipment;

s.   failing to cease and/or postpone use of the subject tank trailer until proper and/or necessary precautions could be taken to safeguard workers, including Mr. Wade;

t.   failing to adopt and/or enforce an adequate safety plan;

u.   failing to properly train individuals on safely climbing and/or walking on the top of a tank trailer;

v.   failing to require and/or enforce a requirement that workers sign off on site-specific safety rules;

w.   failing to provide adequate safety supervision, training, and/or equipment to commercial drivers, including Mr. Wade;

x.  failing to ensure proper guarding was placed on the top of the subject tank trailer;

y.  failing to close the top hatch of the tank trailer;

z.  failure to provide alternative methods to safely close the hatch;

aa. failing to provide a safe process for closing the top hatch;

bb. failing to ensure fall protection is used by drivers and/or individuals who gain access to the top of the tankers;

cc. failing to utilize and/or offer the appropriate equipment to allow individuals to safely close the top hatch;

dd. failing to provide an area with appropriate lighting;

ee. providing inadequate lighting to assist individuals including Mr. Wade, climbing on top of tank trailers and

ff. failing to provide safety lines and/or personal fall protection equipment to workers, including Mr. Wade, who were exposed to falls.

118.    As a result of Qualawash, John Does 11-20 and/or ABC Corporation 11-20 conduct, Mr. Wade suffered severe and traumatic personal injuries, including but not limited to: left perilunate trans-scapoid fracture dislocation which required a fixation with open reduction internal fixation of the scaphoid as well as the perilunate dislocation; shoulder fracture; left ulnar shaft fracture which required surgical intervention with open reduction internal fixation; left radial head fracture; fracture of the left humerous; dislocation of the left wrist;  loss of teeth requiring multiple implants and surgery; injury to the upper left extremity; injury to the head; orthopedic injuries to an extent not yet determined; neurologic injuries to an extent not yet determined; injuries to the nerves and nervous system to an extent not yet determined; and other injuries  the full extent of which are not yet known and some or all of which may be permanent in nature; he has endured extensive medical care and treatment including surgeries, physical therapy, x-rays and MRIs; he has in the past required and will in the future continue to require surgeries, medicines, medical care, treatment, rehabilitation and aid; he has in the past and may

in the future continue to incur expenses for medical care and treatment; he has incurred medical

bills and may in the future incur medical expenses for care and treatment; he has been in the past

and may in the future continue to be disabled from his usual duties and vocations; he has been

limited in the activities of daily living and activities of enjoyment; he has in the past and may in

the future sustain a loss of earnings and loss of earning capacity; he has in the past suffered and

will in the future continue to suffer agonizing aches, pain and mental anguish; he has in the past

and will in future continue to endure loss of hedonic pleasures; he has suffered scarring and

disfigurement; he sustained loss of enjoyment of life and loss of life's pleasure; has in the past,

and continues to suffer pain, scarring, disfigurement, loss of independence, mental anguish,

humiliation, embarrassment, fear, loss of well-being, inability to enjoy the normal pleasures of

life, and restrictions on his ability to engage in normal activities and pleasures of life, and other

intangible losses; he has in the past and may in the future continue to be totally disabled from

performing his usual duties and occupations all to his great loss and detriment.

WHEREFORE, Plaintiff demands judgment against Defendants, Qualawash Holdings,

LLC, John Does 11-20 and/or ABC Corporation 11-20 jointly and severally, separate sums of

monetary damages including but not limited to compensatory damages, and/or punitive or

exemplary damages, and brings this action to recover the same.

**COUNT III- PRODUCTS LIABILITY (STRICT LIABILITY)**
**DAVID A. WADE v. BRENNER TANK, INC., BRENNER**
**TANK SERVICES, LLC, BRENNER TANK, LLC, WABASH NATIONAL, LP,**
**WABASH NATIONAL CORPORATION, WABASH NATIONAL TRAILER CENTERS,**
**INC., THE KENAN ADVANTAGE GROUP, INC., KENAN ADVANTAGE GROUP,**
**INC., TRANSPORT SERVICES, LLC d/b/a TRANSPORT SERVICE, KAG LEASING,**
**INC., KAG SPECIALTY PRODUCTS GROUP, LLC, KENAN TRANSPORT, LLC,**
**JOHN DOES 21-30 AND ABC CORPORATION 21-30**

119.    Plaintiff incorporates all preceding paragraphs as though fully set forth at length

herein.

120.     Plaintiff avers that the Wabash Defendants, KAG Defendants, John Does 21-30, and/or ABC Corporation 21-30, by and through their agents, servants, contractors, designers, assemblers, manufacturers, sellers, suppliers, lessors and distributors, are strictly liable under the Restatement of the Law of Torts (Second), and/or N.J. Stat. Ann § 2A:58C *et seq* because:

a.       Defendants individually, or as successors to one or more defendants, are in the business of designing, assembling, manufacturing, selling, supplying, leasing and/or distributing all or some of the component parts of the 1992 Brenner MC307 chemical trailer with a KAG assigned number 4436 and/or 1R388 and a VIN# 10BFV7217NF0A3276 in issue;

b.       Defendants, individually, or as successors to one or more defendants, marketed, and placed into the general stream of commerce, the 1992 Brenner MC307 chemical trailer with a KAG assigned number 4436 and/or 1R388 and a VIN# 10BFV7217NF0A3276  in use at the property located at 8 US 130, Pedricktown, NJ 08067;

c.       The 1992 Brenner MC307 chemical trailer with a KAG assigned number 4436 and/or 1R388 and a VIN# 10BFV7217NF0A3276, was expected to, and did in fact, reach users, including Plaintiff, without substantial change in the condition in which it was designed, assembled, manufactured, distributed, sold, rented, leased and/or supplied; and

d.       The 1992 Brenner MC307 chemical trailer with a KAG assigned number 4436 and/or 1R388 and a VIN# 10BFV7217NF0A3276 was designed, assembled, manufactured, distributed, sold, rented, leased, maintained and/or supplied by the Defendants individually, or as successors to one or more defendants, in a defective condition.

121.     Plaintiff avers that the Defendants individually(or as successors to one or more defendants) by and through their agents, servants, workers, contractors, designers, assemblers,

manufacturers, sellers, suppliers, lessors and distributors are strictly liable under <u>Restatement of</u>

<u>the Law of Torts (Second)</u>  and/or N.J. Stat. Ann § 2A:58C *et seq* by:

a.     employing policies and practices that created a substantial likelihood of harm to persons such as Plaintiff, David A. Wade;

b.     disregarding obvious safety hazards while knowing that those safety hazards created a likelihood of harm to persons such as Plaintiff, David A. Wade,

c.     designing, assembling, installing, manufacturing, selling, supplying, leasing and distributing a product in a defective condition;

d.     designing, assembling, installing, manufacturing, selling, supplying, leasing and distributing a product which was not safe to the user;

e.     designing, assembling, installing, manufacturing, selling, supplying, leasing and distributing a product which was not safe for conditions under which it would inevitably be used;

f.     failing to have adequate warnings on the product regarding the risks accompanying ordinary use;

g.     failing to provide adequate warnings to Plaintiff, David A. Wade, and the owners/users;

h.     failing to provide adequate warnings to wholesalers and/or installation specialists, lessors and/or suppliers;

i.     failing to provide adequate warnings to maintenance personnel;

j.     failing to provide adequate warnings to the end user and/or lessees;

k.     failing to offer services whereby the machine in question could be brought up to safety specifications;

l.     failing to provide adequate instructions to be followed with regard to use of the product;

m.     knowing the risk inherent in the use of the product, all the while neglecting to attempt to remedy the problem;

n.     failing to ensure that end users were advised of the dangers of said product and how to use it safely to avoid injuries;

o.      failing to investigate, retain, and analyze prior accident information in order to warn and/or notify ultimate users of product defects and dangers;

p.      failure to recommend the use of procedures in order that end users could protect themselves, their employees, and their guests from accidental entrapment in the machine;

q.      failing to design the product such that appropriate guardrails were utilized for the top of the tank trailer;

r.      failing to design the product such that the top hatch could be safely closed without walking across the top of the tank trailer;

s.      designing assembling, manufacturing, selling, supplying leasing and distributing a product which lacked necessary safety features to protect users from the risks inherent in that product;

t.      possessing knowledge of, while failing to disseminate, information relating to instances during which this product injured others in similar fashion;

u.      designing, assembling, manufacturing, selling, supplying, leasing and distributing a product which feasibly could have been designed in a more safe manner;

v.      designing, assembling, manufacturing, selling, supplying, leasing and distributing a product without simple and cost-effective safety devices;

w.  failing to provide appropriate safety devices with this product; and

x.      designing, assembling, manufacturing, selling, supplying, leasing and distributing a product wherein it was clearly foreseeable that someone would be injured based on the product's design, assembly, installation and lack of safety features.

122.    Because of the Defendants failure to abide by their obligations and duties under various sections of the Restatement of the Law of Torts (Second)  and/or N.J. Stat. Ann § 2A:58C *et seq* Plaintiff, David A. Wade, was legally and proximately caused to sustain painful, permanent, life-altering injuries and damages, including but not limited to: left perilunate trans-scapoid fracture dislocation which required a fixation with open reduction internal fixation of the scaphoid as well as the perilunate dislocation; shoulder fracture; left ulnar shaft fracture which

required surgical intervention with open reduction internal fixation; left radial head fracture; fracture of the left humerous; dislocation of the left wrist;  loss of teeth requiring multiple implants and surgery; injury to the upper left extremity; injury to the head; orthopedic injuries to an extent not yet determined; neurologic injuries to an extent not yet determined; injuries to the nerves and nervous system to an extent not yet determined; and other injuries  the full extent of which are not yet known and some or all of which may be permanent in nature; he has endured extensive medical care and treatment including surgeries, physical therapy, x-rays and MRIs; he has in the past required and will in the future continue to require surgeries, medicines, medical care, treatment, rehabilitation and aid; he has in the past and may in the future continue to incur expenses for medical care and treatment; he has incurred medical bills and may in the future incur medical expenses for care and treatment; he has been in the past and may in the future continue to be disabled from his usual duties and vocations; he has been limited in the activities of daily living and activities of enjoyment; he has in the past and may in the future sustain a loss of earnings and loss of earning capacity; he has in the past suffered and will in the future continue to suffer agonizing aches, pain and mental anguish; he has in the past and will in future continue to endure loss of hedonic pleasures; he has suffered scarring and disfigurement; he sustained loss of enjoyment of life and loss of life's pleasure; has in the past, and continues to suffer pain, scarring, disfigurement, loss of independence, mental anguish, humiliation, embarrassment, fear, loss of well-being, inability to enjoy the normal pleasures of life, and restrictions on his ability to engage in normal activities and pleasures of life, and other intangible losses; he has in the past and may in the future continue to be totally disabled from performing his usual duties and occupations all to his great loss and detriment.

WHEREFORE, Plaintiff demands judgment against Defendants, Brenner Tank, Inc., Brenner Tank Services, LLC, Brenner Tank, LLC, Wabash National, LP, Wabash National Corporation, Wabash National Trailer Centers, Inc., Transport Service, LLC d/b/a Transport Service, Kenan Advantage Group, Inc., The Kenan Advantage Group, Inc., KAG Leasing, Inc. KAG Specialty Products Group, LLC, Kenan Transport, LLC John Does 21-30 and/or ABC Corporation 21-30, jointly and severally, separate sums of monetary damages including but not limited to compensatory damages, and/or punitive or exemplary damages, and brings this action to recover the same.

**COUNT IV- BREACH OF WARRANTY**
**DAVID A. WADE v. BRENNER TANK, INC., BRENNER**
**TANK SERVICES, LLC, BRENNER TANK, LLC, WABASH NATIONAL, LP,**
**WABASH NATIONAL CORPORATION, WABASH NATIONAL TRAILER CENTERS,**
**INC., THE KENAN ADVANTAGE GROUP, INC., KENAN ADVANTAGE GROUP,**
**INC., TRANSPORT SERVICES, LLC d/b/a TRANSPORT SERVICE, KAG LEASING,**
**INC., KAG SPECIALTY PRODUCTS GROUP, LLC, KENAN TRANSPORT, LLC,**
**JOHN DOES 21-30 AND ABC CORPORATION 21-30**

123.    Plaintiff incorporates all preceding paragraphs as though fully set forth at length herein.

124.    In designing, manufacturing, fabricating, marketing, promoting, selling, distributing, delivering, leasing and/or supplying the 1992 Brenner MC307 chemical trailer with a KAG assigned number 4436 and/or 1R388 and a VIN# 10BFV7217NF0A3276, Defendants expressly and impliedly warranted that the machine was merchantable, fit and safe for its intended use and the ordinary purposes for which it was sold and/or leased and that it was free from defects.

125.    The 1992 Brenner MC307 chemical trailer with a KAG assigned number 4436 and/or 1R388 and a VIN# 10BFV7217NF0A3276 as designed, supplied, and/or leased were not

safe for their intended use and, as a result, the defendant breached the implied warranty of merchantability and the express warranties made to consumers.

126.    Defendants breach of the warranty of merchantability and breach of its express warranty to consumers were substantial factors in, factual causes of, and/or increased the risk of plaintiff's catastrophic, serious and permanent injuries, including but not limited to: left perilunate trans-scapoid fracture dislocation which required a fixation with open reduction internal fixation of the scaphoid as well as the perilunate dislocation; shoulder fracture; left ulnar shaft fracture which required surgical intervention with open reduction internal fixation; left radial head fracture; fracture of the left humerous; dislocation of the left wrist; loss of teeth requiring multiple implants and surgery; injury to the upper left extremity; injury to the head; orthopedic injuries to an extent not yet determined; neurologic injuries to an extent not yet determined; injuries to the nerves and nervous system to an extent not yet determined; and other injuries  the full extent of which are not yet known and some or all of which may be permanent in nature; he has endured extensive medical care and treatment including surgeries, physical therapy, x-rays and MRIs; he has in the past required and will in the future continue to require surgeries, medicines, medical care, treatment, rehabilitation and aid; he has in the past and may in the future continue to incur expenses for medical care and treatment; he has incurred medical bills and may in the future incur medical expenses for care and treatment; he has been in the past and may in the future continue to be disabled from his usual duties and vocations; he has been limited in the activities of daily living and activities of enjoyment; he has in the past and may in the future sustain a loss of earnings and loss of earning capacity; he has in the past suffered and will in the future continue to suffer agonizing aches, pain and mental anguish; he has in the past and will in future continue to endure loss of hedonic pleasures; he has suffered scarring and

disfigurement; he sustained loss of enjoyment of life and loss of life's pleasure; has in the past, and continues to suffer pain, scarring, disfigurement, loss of independence, mental anguish, humiliation, embarrassment, fear, loss of well-being, inability to enjoy the normal pleasures of life, and restrictions on his ability to engage in normal activities and pleasures of life, and other intangible losses; he has in the past and may in the future continue to be totally disabled from performing his usual duties and occupations all to his great loss and detriment.

WHEREFORE, Plaintiff demands judgment against Defendants, Brenner Tank, Inc., Brenner Tank Services, LLC, Brenner Tank, LLC, Wabash National, LP, Wabash National Corporation, Wabash National Trailer Centers, Inc., Transport Service, LLC d/b/a Transport Service, Kenan Advantage Group, Inc., The Kenan Advantage Group, Inc., KAG Leasing, Inc. KAG Specialty Products Group, LLC, Kenan Transport, LLC, John Does 21-30 and/or ABC Corporation 21-30, jointly and severally, separate sums of monetary damages including but not limited to compensatory damages, and/or punitive or exemplary damages, and brings this action to recover the same.

### COUNT V- NEGLIGENCE
### DAVID A. WADE v. BRENNER TANK, INC., BRENNER
### TANK SERVICES, LLC, BRENNER TANK, LLC, WABASH NATIONAL, LP, WABASH NATIONAL CORPORATION, WABASH NATIONAL TRAILER CENTERS, INC., THE KENAN ADVANTAGE GROUP, INC., KENAN ADVANTAGE GROUP, INC., TRANSPORT SERVICES, LLC d/b/a TRANSPORT SERVICE, KAG LEASING, INC., KAG SPECIALTY PRODUCTS GROUP, LLC, KENAN TRANSPORT, LLC, JOHN DOES 21-30 AND ABC CORPORATION 21-30

127.   Plaintiff incorporates all preceding paragraphs as though fully set forth at length herein.

128.   Plaintiff avers that Wabash Defendants, KAG Defendants, John Does 21-30, and/or ABC Corporation 21-30, by and through their agents, servants, contractors, designers,

assemblers, manufacturers, sellers, suppliers, lessors and distributors, were negligent, and careless, by:

a.       Defendants individually, or as successors to one or more defendants, are in the business of designing, assembling, manufacturing, selling, supplying, leasing and distributing all or some of the component parts of the 1992 Brenner MC307 chemical trailer with a KAG assigned number 4436 and/or 1R388 and a VIN# 10BFV7217NF0A3276 in issue;

b.       Defendants, individually, or as successors to one or more defendants, marketed, and placed into the general stream of commerce, the 1992 Brenner MC307 chemical trailer with a KAG assigned number 4436 and/or 1R388 and a VIN# 10BFV7217NF0A3276  in use at the property located at 8 US 130, Pedricktown, NJ 08067;

c.       The 1992 Brenner MC307 chemical trailer with a KAG assigned number 4436 and/or 1R388 and a VIN# 10BFV7217NF0A3276, was expected to, and did in fact, reach users, including Plaintiff, without substantial change in the condition in which it was designed, assembled, manufactured, distributed, sold, rented, leased and/or supplied; and

d.       The 1992 Brenner MC307 chemical trailer with a KAG assigned number 4436 and/or 1R388 and a VIN# 10BFV7217NF0A3276 was designed, assembled, manufactured, distributed, sold, rented, leased, maintained and/or supplied by the Defendants individually, or as successors to one or more defendants, in a defective condition.

129.    Plaintiff avers that the Defendants individually(or as successors to one or more defendants) by and through their agents, servants, workers, contractors, designers, assemblers, manufacturers, sellers' suppliers and distributors were negligent, careless, reckless and grossly negligent by:

a.     employing policies and practices that created a substantial likelihood of harm to persons such as Plaintiff, David A. Wade;

b.     disregarding obvious safety hazards while knowing that those safety hazards created a likelihood of harm to persons such as Plaintiff, David A. Wade;

c.     designing, assembling, installing, manufacturing, selling, supplying, leasing and distributing a product in a defective condition;

d.     designing, assembling, installing, manufacturing, selling, supplying, and distributing a product which was not safe to the user;

e.     designing, assembling, installing, manufacturing, selling, supplying, leasing and distributing a product which was not safe for conditions under which it would inevitably be used;

f.     failing to have adequate warnings on the product regarding the risks accompanying ordinary use;

g.     failing to provide adequate warnings to Plaintiff, David A. Wade, and the owners/users;

h.     failing to provide adequate warnings to wholesalers and/or installation specialists, lessors and/or suppliers;

i.     failing to provide adequate warnings to end users and/or lessees;

j.    failing to provide adequate warnings to maintenance personnel;

k.     failing to offer services whereby the machine in question could be brought up to safety specifications;

l.     failing to provide adequate instructions to be followed with regard to use of the product;

m.     knowing the risk inherent in the use of the product, all the while neglecting to attempt to remedy the problem;

n.     failing to ensure that end users were advised of the dangers of said product and how to use it safely to avoid injuries;

o.     failing to investigate, retain, and analyze prior accident information in order to warn and/or notify ultimate users of product defects and dangers;

p.      failure to recommend the use of procedures in order that end users could protect themselves, their employees, and their guests from accidental entrapment in the machine;

q.      failing to design the product such that appropriate guardrails were utilized for the top of the tank trailer;

r.      failing to design the product such that the top hatch could be safely closed without walking across the top of the tank trailer;

s.      designing assembling, manufacturing, selling, supplying and distributing a product which lacked necessary safety features to protect users from the risks inherent in that product;

t.      possessing knowledge of, while failing to disseminate, information relating to instances during which this product injured others in similar fashion;

u.      designing, assembling, manufacturing, selling and supplying and distributing a product which feasibly could have been designed in a more safe manner;

v.      designing, assembling, manufacturing, selling, supplying and distributing a product without simple and cost-effective safety devices;

w.  failing to provide appropriate safety devices with this product; and

x.  designing, assembling, manufacturing, selling, supplying and distributing a product wherein it was clearly foreseeable that someone would be injured based on the product's design, assembly, installation and lack of safety features.

130.    As a result of the Wabash Defendants, KAG Defendants, John Does 21-30 and/or ABC Corporation 21-30 conduct, Mr. Wade suffered severe and traumatic personal injuries, including but not limited to: left perilunate trans-scapoid fracture dislocation which required a fixation with open reduction internal fixation of the scaphoid as well as the perilunate dislocation; shoulder fracture; left ulnar shaft fracture which required surgical intervention with open reduction internal fixation; left radial head fracture; fracture of the left humerous; dislocation of the left wrist; loss of teeth requiring multiple implants and surgery; injury to the

upper left extremity; injury to the head; orthopedic injuries to an extent not yet determined; neurologic injuries to an extent not yet determined; injuries to the nerves and nervous system to an extent not yet determined; and other injuries  the full extent of which are not yet known and some or all of which may be permanent in nature; he has endured extensive medical care and treatment including surgeries, physical therapy, x-rays and MRIs; he has in the past required and will in the future continue to require surgeries, medicines, medical care, treatment, rehabilitation and aid; he has in the past and may in the future continue to incur expenses for medical care and treatment; he has incurred medical bills and may in the future incur medical expenses for care and treatment; he has been in the past and may in the future continue to be disabled from his usual duties and vocations; he has been limited in the activities of daily living and activities of enjoyment; he has in the past and may in the future sustain a loss of earnings and loss of earning capacity; he has in the past suffered and will in the future continue to suffer agonizing aches, pain and mental anguish; he has in the past and will in future continue to endure loss of hedonic pleasures; he has suffered scarring and disfigurement; he sustained loss of enjoyment of life and loss of life's pleasure; has in the past, and continues to suffer pain, scarring, disfigurement, loss of independence, mental anguish, humiliation, embarrassment, fear, loss of well-being, inability to enjoy the normal pleasures of life, and restrictions on his ability to engage in normal activities and pleasures of life, and other intangible losses; he has in the past and may in the future continue to be totally disabled from performing his usual duties and occupations all to his great loss and detriment.

WHEREFORE, Plaintiff demands judgment against Defendants, Brenner Tank, Inc., Brenner Tank Services, LLC, Brenner Tank, LLC, Wabash National, LP, Wabash National Corporation, Wabash National Trailer Centers, Inc., Transport Service, LLC d/b/a Transport

Service, Kenan Advantage Group, Inc., The Kenan Advantage Group, Inc., KAG Leasing, Inc.

KAG Specialty Products Group, LLC, Kenan Transport, LLC, John Does 21-30 and/or ABC

Corporation 21-30, jointly and severally, separate sums of monetary damages including but not

limited to compensatory damages, and/or punitive or exemplary damages, and brings this action

to recover the same.

Respectfully submitted,

SALTZ MONGELUZZI & BENDESKY P.C.

BY:   */s/ LARRY BENDESKY*
       LARRY BENDESKY
       I.D. No. 017051990
       ADAM J. PANTANO
       I.D. No. 042181999
       8000 Sagemore Drive
       Suite 8303
       Marlton, NJ 08053
       (856) 751-8383
       Attorneys for Plaintiff

**<u>Demand for Jury Trial</u>**

Plaintiff demands a trial by jury. 46 U.S.C. § 30104. See *Concordia Co. v. Panek*, 115 F.3d 67 (1st Cir. 1997); see also *Luera v. M/V Alberta*, 635 F.3d 181 (5th Cir. 2011).

Respectfully submitted this 4th day of December, 2020.

SALTZ MONGELUZZI & BENDESKY P.C.

BY:   <u>*/s/ LARRY BENDESKY*</u>
        LARRY BENDESKY
        I.D. No. 017051990
        ADAM J. PANTANO
        I.D. No. 042181999
        8000 Sagemore Drive
        Suite 8303
        Marlton, NJ 08053
        (856) 751-8383
        Attorneys for Plaintiff