## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

---

DAVID A. WADE,

        Plaintiff,

    v.

THE KENAN ADVANTAGE GROUP,
INC., et al.,

        Defendants.

Civil Action No. 20-18155

**OPINION**

---

<u>**APPEARANCES**</u>:

ADAM JONATHAN PANTANO
LARRY E. BENDESKY
SALTZ MONGELUZZI BARRETT & BENDESKY PC
8000 SAGEMORE DRIVE
SUITE 8303
MARLTON, NJ 08053

KEITH ANDREW HEINOLD
SALTZ MONGELUZZI BARRETT & BENDESKY PC
1650 MARKET STREET, 52ND FLOOR
PHILADELPHIA, PA 19103

      *Counsel on behalf of Plaintiff*

PAUL K. LEARY, JR.
COZEN O'CONNOR
457 HADDONFIELD ROAD - SUITE 300
P.O. BOX 5459
CHERRY HILL, NJ 08002-2220

DYLAN MICHAEL ALPER
COZEN O'CONNOR
ONE LIBERTY PLACE
1650 MARKET STREET
SUITE 2800
PHILADELPHIA, PA 19103

*Counsel on behalf of Defendants The Kenan Advantage Group, Inc., Kenan Advantage Group, Inc., Transport Service, LLC, KAG Leasing Inc., KAG Specialty Products Group, LLC, and Kenan Transport, LLC*

JAMES D. BURGER
ROBERT GEORGE DEVINE
WHITE AND WILLIAMS LLP
LIBERTYVIEW
457 HADDONFIELD ROAD
SUITE 400
CHERRY HILL, NJ 08002

*Counsel on behalf of Defendant Qualawash Holdings, LLC*

Gerhard P. DIETRICH
WARD GREENBERG HELLER & REIDY, LLP
1835 MARKET STREET
SUITE 650
PHILADELPHIA, PA 19103

*Counsel on behalf of Defendant Brenner Tank Services, LLC, Brenner Tank, LLC, Wabash National, L.P., Wabash National Corporation, and Wabash National Trailer Centers, Inc.*

**HILLMAN**, District Judge

This matter is before the Court on the motion of Defendants Brenner Tank Services, LLC, Brenner Tank, LLC (collectively "Brenner Defendants"), Wabash National, L.P., Wabash National Corporation, and Wabash National Trailer Centers, Inc. (collectively "Wabash Defendants") to dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(2). (ECF No. 29.)  For the reasons stated below, Wabash Defendants and Brenner Defendants' (collectively "Moving Defendants") Motion to Dismiss will be granted.

**BACKGROUND**

On or about December 7, 2018, Plaintiff, a citizen of
Texas, was working as a commercial truck driver transporting
food grade chemicals in trailers owned, operated, maintained,
repaired, or the responsibility of Defendants Transport Service,
LLC d/b/a Transport Service, Kenan Advantage Group, Inc., The
Kenan Advantage Group, Inc., KAG Leasing, Inc., KAG Specialty
Products Group, LLC, or Kenan Transport, LLC (collectively "KAG
Defendants" or "KAG")(ECF No. 18 ¶73.).  On or about December 7,
2018, Plaintiff reported to a tank washing facility in
Pedricktown, New Jersey (the "Qualawash Facility") to drop off a
KAG trailer he was hauling and receive a newly cleaned KAG
trailer for his next load.  (Id. ¶74.)

The trailer Plaintiff received was a 1992 Brenner MC307
chemical trailer with a KAG assigned number 4436 or 1R388 and a
VIN #10BFV7217NF0A3276 (the "Subject Tank Trailer").  (Id. ¶75.)
The Subject Tank Trailer included a walkway with a ladder access
point affixed to the top of the tank providing access to the top
hatch.  The Subject Tank Trailer did not have guardrails or fall
protection.  (Id. ¶¶76-77.)  Defendant Qualawash Holding, LLC
("Qualawash") cleaned and washed the Subject Tank Trailer at the
Qualawash Facility.  (Id. ¶78.)  At some point, Defendant
Qualawash or the KAG Defendants left the hatch located on top of
the Subject Tank Trailer open, which required Plaintiff to climb
on top of the Subject Tank Trailer to close the hatch.  (Id.

3

¶79.)  Soon thereafter, Plaintiff fell approximately 10-15 feet from the Subject Tank Trailer to the concrete surface below and as a result, Plaintiff suffered severe injuries.  (Id. ¶¶70, 85.)

Plaintiff seeks recovery from Moving Defendants; Defendant Brenner Tank, Inc.;[1] KAG Defendants; and Defendant Qualawash raising the following five claims: (1) Negligence against KAG Defendants (Count I); (2) Negligence against Defendant Qualawash (Count II); (3) Products Liability (Strict Liability) against Moving Defendants, Brenner Tank, Inc., and KAG Defendants (Count III); (4) Breach of Warranty against Moving Defendants, Brenner Tank, Inc., and KAG Defendants (Count IV); and (5) Negligence against Moving Defendants, Brenner Tank, Inc., and KAG Defendants (Count V).

The Amended Complaint includes allegations that Defendants Brenner Tank Services, LLC, Brenner Tank, LLC, Wabash National, L.P., and Wabash National Trailer Centers, Inc. were "engaged in business within the State of New Jersey on a regular systemic, continuous and substantial basis and has purposefully

---

[1] Brenner Tank, Inc. changed its name to Hickory Holdings, Inc. in 2001.  According to Moving Defendants, Hickory Holdings, Inc. is not located at 450 Arlington Avenue, Fond Du Lac, Wisconsin, 54935, which is where Plaintiff claims he attempted to serve Brenner Tank, Inc.  Accordingly, Moving Defendants contend Plaintiff's efforts to serve Brenner Tank, Inc. at that location were ineffective.  (ECF No. 29-1 at 2 n.1, 3).  Brenner Tank, Inc. has not otherwise appeared in this action.

established significant contacts within New Jersey." (ECF No. 18, ¶¶42 45, 48, 53.)[2]  Plaintiff does not allege that New Jersey is any of the Moving Defendants' state of incorporation or the place where any of the Moving Defendants maintain their principal place of business.  In fact, the corporate structure, state of formation, and principal place of business for the Moving Defendants are as follows:

1. Wabash National Corporation is a Delaware corporation with its principal place of business in Indiana;

2. Wabash National Trailer Centers, Inc. is a Delaware corporation with its principal place of business in Indiana, and is owned by Wabash National Corporation;

3. Wabash National, L.P. is a Delaware limited partnership, with its principal place of business in Indiana, whose general partner is Wabash National Trailer Centers, Inc. and limited partner is Wabash National Corporation;

4. Brenner Tank, LLC is a Wisconsin limited liability company and its sole member is Walker Group Holdings LLC, a Texas limited liability company.  Walker Group Holdings LLC's sole member is Wabash National, L.P.;

5. Brenner Tank Services, LLC is a Wisconsin limited liability company and its sole member is Walker Group Holdings LLC, a Texas limited liability company.  Walker Group Holdings LLC's sole member is Wabash National, L.P.; and

6. Both Brenner Tank LLC and Brenner Tank Services LLC have their principal place of business in Wisconsin.

(ECF Nos. 18 ¶¶38, 44, 47, 50, 51; 29-1 at 5).

On January 19, 2021, Moving Defendants moved to dismiss

---

[2] The Amended Complaint does not include a similar allegation regarding Defendant Wabash National Corporation.

Plaintiff's Amended Complaint against them for lack of personal jurisdiction.  (ECF 29.)  Plaintiff and Defendant Qualawash filed separate briefs in opposition to the motion on February 16, 2021, (ECF Nos. 36, 38), and Moving Defendants followed with a reply brief in further support of the motion on March 8, 2021. (ECF No. 43.)  The Court ordered supplemental briefing to provide the Court with additional legal and factual analysis in support of or in opposition to Moving Defendants' Motion to Dismiss in light of the Supreme Court's recent decision <u>Ford Motor Co. v. Mont. Eighth Judicial Court</u>, 141 S. Ct. 1017 (2021) (ECF No. 59.)  Moving Defendants and Plaintiff timely filed the requested briefing, ECF Nos. 62, 66-67, and the motion is now fully briefed and ripe for adjudication.

**DISCUSSION**

**A. Subject Matter Jurisdiction**

This Court has original jurisdiction under 28 U.S.C. § 1332(a) because there is complete diversity between the parties.

**B. Standard for Motion to Dismiss for Lack of Personal Jurisdiction**

Federal Rule of Civil Procedure 12(b)(2) provides for dismissal of an action when the Court does not have personal jurisdiction over a defendant. "Once challenged, the plaintiff bears the burden of establishing personal jurisdiction."[3]

---

[3] There is a "significant procedural distinction" between a

O'Connor v. Sandy Lane Hotel Co., Ltd., 496 F.3d 312, 316 (3d
Cir. 2007) (citing Gen. Elec. Co. v. Deutz AG, 270 F.3d 144, 150
(3d Cir. 2001)).  In deciding a motion to dismiss for lack of
personal jurisdiction, the Court must "accept all of the
plaintiff's allegations as true and construe disputed facts in
favor of the plaintiff." Carteret Sav. Bank v. Shushan, 954 F.2d
141, 142 n.1 (3d Cir. 1992), cert. denied, 506 U.S. 817 (1992)
(citations omitted).

A defendant is subject to the jurisdiction of a United
States district court if the defendant "is subject to the
jurisdiction of a court of general jurisdiction in the state
where the district court is located[.]"  Fed. R. Civ. P.
4(k)(1)(A).  "A federal court sitting in New Jersey has
jurisdiction over parties to the extent provided under New
Jersey state law."  Miller Yacht Sales, Inc. v. Smith, 384 F.3d
93, 96 (3d Cir. 2004) (citations omitted).  The New Jersey long-

---

motion pursuant to Rule 12(b)(2) and a motion pursuant to Rule
12(b)(6).  Time Share Vacation Club v. Atlantic Resorts, Ltd.,
735 F.2d 61, 66 n.9 (3d Cir. 1984)("A Rule 12(b)(2) motion . . .
is inherently a matter which requires resolution of factual
issues outside the pleadings, i.e. whether in personam
jurisdiction actually lies. Once the defense has been raised,
then the plaintiff must sustain its burden of proof in
establishing jurisdictional facts through sworn affidavits or
other competent evidence. . . . [A]t no point may a plaintiff
rely on the bare pleadings alone in order to withstand a
defendant's Rule 12(b)(2) motion to dismiss for lack of in
personam jurisdiction. Once the motion is made, plaintiff must
respond with actual proofs, not mere allegations.")(citation
omitted).

arm statute "permits the exercise of personal jurisdiction to the fullest limits of due process." IMO Indus., Inc. v. Kiekert AG, 155 F.3d 254, 259 (3d Cir. 1998) (citing DeJames v. Magnificence Carriers, Inc., 654 F.2d 280, 284 (3d Cir. 1981)).

Under the Due Process clause, the exercise of personal jurisdiction over a non-resident defendant is appropriate when the defendant has "certain minimum contacts with [the forum state] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945) (quoting Milliken v. Meyer, 311 U.S. 457, 463 (1940)), cited in Ford Motor Company v. Montana Eighth Judicial District Court, 141 S. Ct. 1017, 1024 (2021) (stating that International Shoe is the "canonical decision in this area").

A defendant establishes minimum contacts by "'purposefully avail[ing] itself of the privilege of conducting activities within the forum State,'" thereby invoking "'the benefits and protections of [the forum State's] laws.'" Asahi Metal Indus. Co., Ltd. v. Sup. Ct. of California, 480 U.S. 102, 109 (1987) (quoting Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475 (1985)). This "purposeful availment" requirement assures that the defendant could reasonably anticipate being haled into court in the forum and is not haled into a forum as a result of "random," "fortuitous" or "attenuated" contacts with the forum

8

state.  See World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297 (1980); see also Burger King Corp., 471 U.S. at 472, 475 (internal citations omitted).

In deciding whether a defendant's contacts with a forum are sufficient to confer personal jurisdiction over that party, the Court must consider whether such contacts are related to or arise out of the cause of action at issue in the case.  The Court may exercise specific personal jurisdiction over a defendant where the cause of action is related to or arises out of activities by the defendant that took place within the forum state.  Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 414 n.8 (1984).  If the cause of action has no relationship to a defendant's contacts with a forum state, the Court may nonetheless exercise general personal jurisdiction if the defendant has conducted "continuous and systematic" business activities in the forum state.  Id. at 416.

Once the Court determines that the defendant has minimum contacts with the forum state, it must also consider whether the assertion of personal jurisdiction over the defendant "comport[s] with 'fair play and substantial justice'" to satisfy the due process test.  Burger King Corp., 471 U.S. at 476 (quoting Int'l Shoe, 326 U.S. at 320).  In this regard, it must be reasonable to require the defendant to litigate the suit in the forum state, and a court may consider the following factors

9

to determine reasonableness: the burden on the defendant, the forum state's interest in adjudicating the dispute, the plaintiff's interest in obtaining convenient and effective relief, the interstate judicial system's interest in obtaining an efficient resolution of controversies, and the shared interest of the several States in furthering fundamental substantive social policies.  Id. at 477 (citing World-Wide Volkswagen, 444 U.S. at 292).

## C. Analysis

Moving Defendants argue that neither specific nor general jurisdiction may be exercised over them.[4]  In support of their motion, Moving Defendants attached the sworn affidavits of John F. Cannon and Cheryl L. Seip.  (ECF Nos. 29-2, 29-3).  Moving Defendants highlight that New Jersey is neither any Moving Defendants' state of incorporation or formation nor where any Moving Defendants maintains its place of principal business. Seip avers that Defendants Wabash National, L.P., Brenner Tank, LLC and Brenner Tank Services, LLC are not registered to do business with the New Jersey Secretary of State and do not have a registered agent in New Jersey.  (ECF No. 29-3 ¶21).[5]  Such

_____

[4] As a primary matter, Plaintiff does not argue that personal jurisdiction may be premised on general jurisdiction.  (ECF No. 36 at 4).  Thus, the focus must be on Moving Defendants' activities within or directed to New Jersey that serve the basis for Plaintiff's claims against Moving Defendants.
[5] Seip initially averred Wabash National Corporation also has not

Defendants along with Defendant Wabash National Corporation maintain no design or manufacturing operations, offices or other places of business in New Jersey, own no property in New Jersey, and have no employees based in New Jersey.  (ECF No. 29-3 ¶¶23, 25-27).

Seip further acknowledges that one of the Moving Defendants, Wabash National Trailer Centers, Inc., employs approximately 50 employees in New Jersey, who are based at FedEx facilities in New Jersey for the purpose of performing inspections and repairs on trailers and truck bodies which are part of the FedEx fleet.  (ECF No. 29-3 ¶18).  Seip further avers Defendant Wabash National Trailer Centers, Inc. has a similar relationship with FedEx in eleven other states.  (Id.) Defendant Wabash National Trailer Centers, Inc. does not service tank trailers.  (ECF No. 29-3 ¶17).

Finally, Seip avers that the majority of the Moving Defendants, Defendants Wabash National Corporation, Wabash

registered to do business with the New Jersey Secretary of State.  (ECF No. 29-3 ¶21).  Plaintiff countered that this statement was untrue because the New Jersey Division of Revenue and Enterprise Service's website shows Wabash National Corporation is currently or has previously been registered to do business in New Jersey.  (ECF No. 36 at 30).  Soon thereafter, Seip supplemented her affidavit and averred she has "since learned that before October 2007 when I became employed by Wabash National Corporation, the Company had registered to do business in New Jersey, but withdrew that registration in 2003." (ECF No. 48 ¶3).

National Trailer Centers, Inc., Wabash National, L.P., and
Brenner Tank Services, LLC, do not design or manufacturer tank
trailers, such as the Subject Tank Trailer.  (ECF Nos. 29-2 ¶22,
29-3 ¶¶14-15, 17.)  One Moving Defendant, Brenner Tank, LLC,
which has research, design, and manufacturing facilities in
Wisconsin, does design, manufacturer, and sell chemical and
petrochemical tank trailers, but asserts that it did not design
or manufacturer or sell the Subject Tank Trailer.  It contends
the Subject Tank Trailer was designed and manufactured in
Wisconsin by Hickory Holdings Inc., formerly known as Defendant
Brenner Tank Inc. and sold to Mission Petroleum Carriers, Inc.
in Texas in 1992.  (ECF No. 29-2 ¶¶11, 15, 20-21).  Plaintiff
and Defendant Qualawash, for their part, contest this,
presenting data from the National Highway Traffic Safety
Administration ("NHTSA") that Brenner Tank, LLC is the
registered manufacturer of the Subject Tank Trailer.  (ECF No.
36 at 23).

It is undisputed that neither Brenner Tank LLC nor Brenner
Tank Services, LLC owns or operates any manufacturing
facilities, service centers, or part depots in New Jersey.  (ECF
No. 29-2 ¶23).  Cannon avers Brenner Tank, LLC sells tank
trailers to purchasers throughout the United States, including
New Jersey.  (ECF No. 29-2 ¶24).  Finally, Moving Defendants
contend that none of the Moving Defendants, including Brenner

Tank, LLC, advertise the sale of tank trailers in New Jersey.

Plaintiff, who is a citizen of Texas, argues Moving Defendants have sufficient contacts with New Jersey that are related to or arise out of the causes of action at issue in this case.  Plaintiff and Defendant Qualawash contend the Moving Defendants purposefully availed themselves of the benefits of activity in the state of New Jersey through the following contacts: (1) Wabash National Corporation, has at least one certified dealer and service center in New Jersey, North Jersey Trailer & Truck Services, Inc. ("NJTTS"); (2) NJTTS' website lists at least four trailers for sale, which are described generally as "Wabash National" trailers; (3) Wabash National Trailer Centers, Inc., operates a maintenance facility in New Jersey, where Wabash National Trailer Centers, Inc. services vehicles in the FedEx trailer fleet and employs at least fifty individuals; (4) Wabash National Corporation's job postings page lists openings for eight positions in New Jersey, including roles as diesel technicians and trailer technicians; (5) Wabash National Corporation has previously admitted that the District of New Jersey had specific jurisdiction over Wabash National Corporation in another case; (6) Brenner Tank, Inc. has been sued at least twice in New Jersey and did not raise objections to personal jurisdiction in either action against it; (7) Wabash National Corporation was registered to do business in New Jersey

13

in 2003; and (8) Wabash National Trailers Centers, Inc. is registered to do business in New Jersey.  Plaintiff further argues the stream of commerce theory confers specific jurisdiction over the Moving Defendants.  Finally, Plaintiff and Defendant Qualawash contend the Moving Defendants are simply alter egos of one another and the alter ego theory confers specific jurisdiction over the Moving Defendants.

Before assessing whether Plaintiff has satisfied his burden of establishing this Court may exercise personal jurisdiction over each Moving Defendant, the Court finds it important to first note three flaws with Plaintiff's analysis.

First, Plaintiff argues this Court may exercise personal jurisdiction over Moving Defendants because (1) Wabash and Brenner Defendants knew or should have known that trailers which require access to the hatch by walking across the top of the trailer, including the Subject Tank Trailer, would be taken to commercial wash or services stations such as the Qualawash facility; and (2) Wabash and Brenner Defendants knew or should have known that their trailers would be washed and dried at New Jersey wash or service stations, including Qualawash and that at those locations, the hatch would be accessed by climbing on top of the trailer.  (ECF No. 36 at 32).  Although Plaintiff isolates these allegations from Plaintiff's section dedicated to the stream of commerce theory, Plaintiff is essentially, through

14

these allegations, articulating a stream of commerce theory.

Plaintiff further supports this stream of commerce theory by contending Moving Defendants specifically targeted New Jersey through the following facts described in more detail above and summarized here: (1) Wabash National Corporation maintains an authorized dealer and trailer service relationship with NJTTS; (2) Wabash National Trailer Centers, Inc. employs workers in New Jersey; (3) Wabash National Corporation and Wabash National Trailer Centers, Inc. have registered to do business in New Jersey; and (4) Wabash National Corporation has been subjected to suit in this forum without raising objections to personal jurisdiction and has admitted specific jurisdiction was proper in the past in this forum.  (ECF No. 36 at 34-35).

The controlling determination with regard to Plaintiff's attempt to confer personal jurisdiction over Moving Defendants through the stream of commerce theory is that the Third Circuit has declined to adopt that theory of personal jurisdiction. Shuker v. Smith & Nephew, PLC, 885 F.3d 760, 780 (3d Cir. 2018)(citations and quotations omitted)("We perceive no merit in the [plaintiff's] stream-of-commerce theory of personal jurisdiction . . . .A plurality of Supreme Court Justices has twice rejected the stream-of-commerce theory . . . . We thus . . . . decline to adopt the [plaintiff's] stream-of-commerce theory of specific personal jurisdiction."); see also Bogle v. JD

15

Techs., Inc., No. 21-319, 2021 U.S. Dist. LEXIS 147558, at *12
(W.D. Pa. Aug. 6, 2021)(citations and quotations omitted)(citing
Shuker, 885 F.3d at 780("Mr. Bogle contends that JDS directed
its activities through a stream of commerce argument, namely
that JDS manufactured the subject strap in Tennessee and that
RSC allegedly distributed the product from North Carolina to a
consumer in Pennsylvania. The Third Circuit has rejected said
rationale to confer specific jurisdiction. Therefore, a stream
of commerce theory alone would not support this Court conferring
specific jurisdiction.").  For these reasons, the Court agrees
with Moving Defendants that the stream of commerce theory does
not confer specific jurisdiction over Moving Defendants.

Second, it is well-established "[e]ach defendant's contacts
with the forum state must be assessed individually." Nicholas v.
Saul Stone & Co., 224 F.3d 179, 184 (3d Cir. 2000)(quoting
Keeton v. Hustler Magazine, 465 U.S. 770, 781 n.13 (1984)); see
also Arpaio v. Dupre, 527 Fed. App'x 108, 114 (3d Cir.
2013)(quoting Keeton, Inc., 465 U.S. at 781 n.13) (citations
omitted)("[T]he District Court did not assess whether it had
jurisdiction over each Defendant separately. 'Each defendant's
contacts with the forum State must be assessed individually.'
Furthermore, 'jurisdiction over an employee does not
automatically follow from jurisdiction over the corporation
which employs him; nor does jurisdiction over a parent

16

corporation automatically establish jurisdiction over a wholly owned subsidiary.'"); Neth. Ins. Co. v. Precision Elec. Glass Co., No. 11-7155 (NLH), 2012 U.S. Dist. LEXIS 174440, at *5-6 (D.N.J. Dec. 10, 2012)(citing Wartsila NSD N. Amer., Inc. v. Hill Int'l, Inc., 269 F. Supp. 2d 547, 552 (D.N.J. 2003)("A plaintiff can meet its burden of proof and present a prima facie case for the court's exercise of personal jurisdiction by establishing with reasonable particularity sufficient contacts between each defendant and the forum state.")); Les Giblin LLC v. La Marque, No. 20-13827, 2021 U.S. Dist. LEXIS 95318, at *4 (D.N.J. May 17, 2021)(citing Marten v. Godwin, 499 F.3d 290, 295-96 (3d Cir. 2007)("The plaintiff bears the burden of showing facts sufficient to establish personal jurisdiction over each defendant.")); Rickman v. BMW of N. Am. LLC, No. 18-4363, 2021 U.S. Dist. LEXIS 90403, at *19 (D.N.J. May 11, 2021) (citing Nicholas, 224 F.3d at 184; O'Connor v. Sandy Lane Hotel Co., 496 F.3d 312, 316 (3d Cir. 2007)("Purposeful availment must be analyzed individually to assure that each defendant deliberately targeted this State.")).

This rule of law applies even in cases involving closely affiliated companies, such as parents and subsidiaries. Keeton, 465 U.S. at 781 n.13 (holding that in a personal jurisdiction analysis, due process requires each defendant's contacts with a forum be considered individually regardless of whether the

defendants have a parent-subsidiary relationship).  Despite this well-settled case law, Plaintiff, as Moving Defendants highlight, attempts to meet his burden of demonstrating the Moving Defendants purposefully availed themselves of the benefits of New Jersey by attributing the activities of individual Movants to the Moving Defendants collectively.  The Court rejects Plaintiff's attempt to bypass his full burden of establishing this Court may exercise personal jurisdiction over each Moving Defendant.  Accordingly, the Court will analyze each Moving Defendant individually to see if the Court may exercise personal jurisdiction over any Moving Defendant.

Third, Plaintiff attempts to confer personal jurisdiction over the Moving Defendants through the alter ego theory.  However, Plaintiff's analysis ignores one prominent issue.  Even if the Moving Defendants are alter egos, Plaintiff must still demonstrate that the Court can exercise personal jurisdiction over at least one Moving Defendant.  This is because if there is no basis for New Jersey jurisdiction in this action over any Moving Defendant, then none can be imputed to the other Moving Defendants. See Kuhar v. Petzl Co., No. 16-395, 2018 U.S. Dist. LEXIS 131528, at *41 (D.N.J. Aug. 6, 2018)(finding plaintiffs have failed to satisfy their burden of establishing this Court may exercise personal jurisdiction over the moving defendant pursuant to the alter ego theory where plaintiffs failed to

establish that moving defendant is an alter ego "of a company over which general or specific jurisdiction could be asserted in this act").

The Court finds that, regardless of whether Moving Defendants ought to be considered alter egos, jurisdiction would need to exist over at least one of the Moving Defendants, in order for it to be imputed to the other Moving Defendants. Accordingly, even assuming that Plaintiff can demonstrate the Moving Defendants are alter egos, he has failed to carry his burden of demonstrating that any of the Moving Defendants would be subject to personal jurisdiction in New Jersey in this case.

### 1. Brenner Tank Services, LLC

Plaintiff alleges Brenner Tank Services, LLC was "engaged in business within the State of New Jersey on a regular systemic, continuous and substantial basis and has purposefully established significant contacts within New Jersey." (ECF No. 18, ¶42). Even though the Court must credit Plaintiff's allegations, conclusory allegations will not do and this Court need not credit such allegations. Plaintiff fails to provide any factual allegations specific to Brenner Tank Services, LLC to satisfy his burden of establishing this Court may exercise specific jurisdiction over Brenner Tank Services, LLC for this case. Accordingly, Moving Defendants' Motion to Dismiss will be granted with respect to Defendant Brenner Tank Services, LLC.

### 2. Wabash National, L.P.

Plaintiff similarly has failed to satisfy his burden with respect to Wabash National, L.P.  Plaintiff merely alleges Defendant Wabash National, L.P. was "engaged in business within the State of New Jersey on a regular systemic, continuous and substantial basis and has purposefully established significant contacts within New Jersey" without providing any factual allegations to support this conclusion. (ECF No. 18, ¶48).  Accordingly, Moving Defendants' Motion to Dismiss is granted with respect to Defendant Wabash National, L.P.

### 3. Wabash National Corporation

Plaintiff attempts to satisfy his burden of establishing this Court may exercise personal jurisdiction over Wabash National Corporation through the following facts: (1) Wabash National Corporation was registered to do business in New Jersey until 2003; (2) Wabash National Corporation has at least one certified dealer and service center in New Jersey; (3) NJTTS' website lists at least four trailers for sale, which are described generally as "Wabash National" trailers; (4) Wabash National Corporation's job posting page lists eight job openings, including diesel technician and trailer technician roles; and (5) Wabash National Corporation, in arguing for transfer to the District of New Jersey, has previously acknowledged the District of New Jersey had specific

20

jurisdiction over it in another case.

Regarding the first four facts, even assuming Plaintiff has satisfied the first prong, i.e.— that through the four cited contacts either individually or collectively Wabash National Corporation purposefully availed itself of the benefits of engaging in business in New Jersey, Plaintiff has not satisfied the second prong, i.e. – that the present litigation arises from or relates to Defendant Wabash National Corporation's activities or contacts within New Jersey.  Wabash National Corporation acts as a holding company for several subsidiary companies and does not design, manufacturer, or sell tank trailers.  Nothing in Plaintiff's allegations of facts or asserted legal causes of action, could be said to arise out of or relate to the New Jersey activities and contacts of Wabash National Corporation that Plaintiff highlight.

Regarding the fifth and final fact, the Court does not find that Wabash National Corporation's previous admission that the District of New Jersey has specific jurisdiction over it in another case, standing alone, warrants a finding of specific jurisdiction here or application of the judicial estoppel doctrine.  As another court has noted, "[t]he mere fact that [a defendant] has admitted that the District of New Jersey has personal jurisdiction over it in another case . . . does not mean that this Court has personal jurisdiction over [that same

21

defendant] in this case, as specific jurisdiction is claim specific." Pausch LLC v. Pausch Med. GmbH, No. 14-3072, 2015 U.S. Dist. LEXIS 18665, at *4 (D.N.J. Feb. 17, 2015)(citing Remick v. Manfredy, 238 F.3d 248, 255 (3d Cir. 2001)); see also RP Healthcare, Inc. v. Pfizer, Inc., No. 12-5129, 2017 U.S. Dist. LEXIS 162380, at *11 (D.N.J. Sept. 28, 2017)(citations omitted)("In addition, the fact that a defendant has admitted to personal jurisdiction in one case does not necessarily mean that the same defendant is subject to personal jurisdiction in another, separate case."). As noted above, there is no relation between the claims in this case, and Wabash National Corporation's contacts with this state. Accordingly, the Court will grant Moving Defendants' Motion to Dismiss with respect to Wabash National Corporation.

### 4. Wabash National Trailer Centers, Inc.

Plaintiff attempts to satisfy his burden of establishing this Court may exercise personal jurisdiction over Wabash National Trailer Centers, Inc. through the following facts: (1) Wabash National Trailer Centers, Inc. is registered to do business in New Jersey; and (2) Wabash National Trailer Centers, Inc. operates a maintenance facility in New Jersey, which services vehicles in the FedEx trailer fleet and where Wabash National Trailer Centers, Inc. employs at least fifty

individuals.[6]

Once again, even assuming Plaintiff has satisfied the first
prong, i.e. — that these contacts separately or collectively
establish that Wabash National Trailer Centers, Inc.
purposefully availed itself of the benefits of conducting
business in New Jersey, Plaintiff has not satisfied the second
prong, i.e. – that the present litigation arises from or relates
to those same activities or contacts Defendant Wabash National
Trailer Centers Inc.'s has in or with New Jersey.  Wabash
National Trailer Centers, Inc. does not sell or service tank
trailers and does not design or manufacture trailers.  More
importantly, in New Jersey, Wabash National Trailer Centers,
Inc. inspects and repairs only trailers and truck bodies which
are part of the FedEx fleet, not the type of tank trailer at
issue in this case.  For these reasons, the Court cannot
conclude that this litigation arises out of or relates to the
New Jersey activities and contacts of Wabash National Trailer
Centers, Inc. that Plaintiff highlight.

Accordingly, the Moving Defendants' Motion to Dismiss will

---

[6] Plaintiff additionally alleges Wabash National Trailer Centers,
Inc. was "engaged in business within the State of New Jersey on
a regular systemic, continuous and substantial basis and has
purposefully established significant contacts within New
Jersey." (ECF No. 18, ¶53).  However, as detailed above, this is
a conclusory allegation without any factual support and need not
be credited by the Court.

be granted with respect to Wabash National Trailer Centers, Inc.

### 5. Brenner Tank, LLC

Plaintiff first alleges - as with the other Moving Defendants above in a conclusory fashion - that Brenner Tank, LLC "engaged in business within the State of New Jersey on a regular systemic, continuous and substantial basis and has purposefully established significant contacts within New Jersey." (ECF No. 18, ¶45).  However, Plaintiff fails to provide factual allegations to support this legal conclusion.

It does appear uncontested that Brenner Tank, LLC sells tank trailers to purchasers throughout the United States, including New Jersey, although it does not advertise here or have any operations here.  But even if this Court were to accept as true Plaintiff's contention that the Subject Trailer Tank itself was manufactured and sold by Brenner Tank, LLC,[7] this fact alone is insufficient to establish personal jurisdiction over Brenner Tank, LLC in New Jersey.  It is also uncontested that the Subject Tank Trailer was first sold in 1992 to a customer in

---

[7] Plaintiff and Defendant Qualawash focus on the data from NHTSA that demonstrates Defendant Brenner Tank, LLC is the manufacturer of the Subject Tank Trailer while Moving Defendants proffer that the Subject Tank Trailer was designed and manufactured in Wisconsin by Hickory Holding, Inc., formerly known as Brenner Tank, Inc., and first sold in 1992 to a customer in Texas.  As set forth above, even assuming it did manufacture the Subject Tank Trailer, Plaintiff and Defendant Qualawash have still failed to connect Plaintiff's claims against Brenner Tank, LLC with its activities in this state.

Texas and later, in 2006, sold to an entity called Transport Service, Co. in Illinois.[8]  Other than to say it was placed in the stream of commerce and passed through the Qualawash facility in New Jersey, Plaintiff and Defendant Qualawash have failed to connect Plaintiff's claims regarding this trailer to any activities or action taken by Brenner Tank, LLC in New Jersey. In short, even assuming Plaintiff has satisfied the first prong, Plaintiff fails to demonstrate how this litigation arises from or relates to Brenner Tank, LLC's sale of tank trailers in New Jersey.

The facts of this case stand in stark contrast to the Supreme Court's recent holding in Ford Motor Co. v. Mont. Eighth Judicial Dist. Court, 141 S. Ct. 1017 (2021), which Plaintiff contends further supports his position that he has satisfied his burden of establishing this Court may exercise personal jurisdiction over Moving Defendants.  In Ford, the Supreme Court reiterated that specific jurisdiction must "arise out of or relate to" a defendant's activities or contacts with the forum state and rejected Ford's argument that only a strict causal relationship between a defendant's activities and contacts in a forum state and litigation would be sufficient.  Id. at 1026.

---

[8] In their Answer, KAG Defendants admit Defendant KAG Specialty Products Group, LLC d/b/a Transport Service, f/k/a Transport Service, LLC, owns the Subject Tank Trailer. (ECF No. 28 at 35 ¶7).

The Court explained that "some relationships [would] support specific jurisdiction without a causal showing;" however, the Court clarified: "[t]hat does not mean anything goes.  In the sphere of specific jurisdiction the phrase 'relate to' incorporates real limits, as it must adequately protect defendants foreign to a forum." Id.  The Court found that plaintiffs' suit related to Ford's contacts with Michigan and Montana because Ford "systematically served a market in Montana and Minnesota for the very vehicles that the plaintiffs allege[d] malfunctioned and injured them in those states" by engaging in significant activities in advertising, selling, and servicing the same models of vehicles at issue in that case. Id. at 1028.

The same cannot be said of Brenner Tank, LLC's connections to New Jersey.  As stated above, Brenner Tank, LLC, as well as the remaining Moving Defendants, do not advertise for the sale of tank trailers in New Jersey.  Moreover, Brenner Tank, LLC does not own or operate any manufacturing facilities, service centers, or part depots in New Jersey.  As the Supreme Court recently reiterated, the "phrase 'relate to' incorporates real limits" and with the record before it, Plaintiff has failed to satisfy its burden of demonstrating the second prong has been satisfied with respect to Brenner Tank, LLC.  Id. at 1028.

Furthermore, the Court does not find that a prior decision

by Brenner Tank, Inc., Brenner Tank LLC's predecessor, to not raise objections to personal jurisdiction in New Jersey in another matter is sufficient to confer specific jurisdiction over Brenner Tank, LLC.  As detailed above, even when a defendant admits to specific jurisdiction in a forum state in another case that does not necessarily mean a court may exercise specific jurisdiction in the current case before it absent the required nexus between the claims and the defendant's activities in the forum.  Accordingly, the Court will grant Moving Defendants' Motion to Dismiss with respect to Brenner Tank, LLC.

Finally, the Court declines Plaintiff and Defendant Qualawash's request to conduct discovery on contacts Moving Defendants' may have had with New Jersey or discovery to support their alter ego theory.  This Court recognizes that "[i]f a plaintiff presents factual allegations that suggest with reasonable particularity the possible existence of the requisite contacts between [the party] and the forum state, the plaintiff's right to conduct jurisdictional discovery should be sustained."  Toys "R" Us, Inc. v. Step Two S.A., 318 F.3d 446, 456 (3d Cir. 2003) (internal citations and quotations marks omitted).  However, "[j]urisdictional discovery should not...serve as a 'fishing expedition' into the underlying merits, all while 'under the guise of jurisdictional discovery.'"  Marchionda v. Embassy Suites, Inc., 122 F. Supp.

3d 208, 211 (D.N.J. 2015) (quoting LaSala v. Marfin Popular Bank

Pub. Co., 410 F. App'x 474, 478 (3d Cir. 2011)).  Here,

Plaintiff offers no facts which suggest with "reasonable

particularity" that the requisite contacts exist.  Although the

Court is mindful of the permissive standard for the grant of

jurisdiction discovery, this is one of the facially insufficient

circumstances in which discovery is unwarranted. See, e.g.,

Kabbaj v. Simpson, 547 F. App'x 84, 86 n.5 (3d Cir. 2013) ("The

District Court's denial of...discovery was not an abuse of

discretion because...[plaintiff] failed to make out a prima

facie case that could justify jurisdictional discovery.").

Moreover, the Court finds Plaintiff and Defendant

Qualawash's request for jurisdictional discovery on issues

related to the alter ego theory irrelevant because, as detailed

above, even if the Court were to assume the Moving Defendants

were alter egos of one another, Plaintiff has still failed to

demonstrate the Court may exercise specific jurisdiction over at

least one of the Moving Defendants.  For these reasons, the

Court will deny Plaintiff and Defendant Qualawash's request to

engage in jurisdictional discovery.

Because Plaintiff has not established that any of the

Moving Defendants meets the required minimum contacts to

establish specific jurisdiction, is "at home" in New Jersey to

establish general jurisdiction, or is the "alter ego" of a

company over which general or specific jurisdiction could be asserted in this action, Moving Defendants' Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(2) will be granted in its entirety.

**<u>CONCLUSION</u>**

For the reasons stated above, the Court will grant Moving Defendants' Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(2).

An appropriate Order will be entered.


Date: October 8, 2021                    s/ Noel L. Hillman
At Camden, New Jersey            NOEL L. HILLMAN, U.S.D.J.